

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00068-CR

_____

JOHN JEROME HOLMES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 77th District Court
Limestone County, Texas
Trial Court No. 13619-A

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

John Jerome Holmes appeals from his conviction of and sentence for aggravated robbery. The clerk's record in this matter was filed May 6, 2016, and the reporter's record was filed May 25, 2016, making Holmes' appellate brief originally due June 24, 2016. That deadline was extended twice by this Court on the motion of Holmes' court-appointed counsel. In an order granting Holmes' request to substitute Wilford A. Anderson, who was retained by Holmes, as counsel of record, this Court also granted a third request to extend the deadline for filing Holmes' brief, resulting in a due date of September 14, 2016. Notwithstanding our admonition that additional extensions of the briefing deadline would not be granted absent truly extraordinary circumstances, Anderson, on Holmes' behalf, filed a fourth motion seeking an extension of the briefing deadline.

Having found no truly extraordinary circumstances justifying a fourth extension of the deadline for filing Holmes' brief, we overruled Holmes' fourth motion and entered an order on September 21 requiring Anderson to file Holmes' brief on or before October 6, 2016. To date, Anderson has not filed a brief on Holmes' behalf.

Because appellant's brief has not been filed in the face of our September 21, 2016, order requiring that it be filed by October 6, we abate this case to the trial court pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure for a status hearing. *See* TEX. R. APP. P. 38.8(b)(2). Specifically, the trial court is directed to determine whether Holmes still desires to prosecute this appeal. Assuming Holmes still desires to prosecute the appeal, the trial court is directed to determine (1) why Holmes' appellate brief has not been filed and (2) whether Anderson has abandoned the appeal. The trial court is directed to make appropriate findings and

2

recommendations, including a recommendation on whether contempt proceedings should be initiated against Anderson, and to have a record of the proceedings prepared. The record must include any findings made by the trial court. Based on that record, this Court will take appropriate action to ensure that Holmes' rights are protected, including initiating contempt proceedings against Anderson, if necessary. The hearing is to be conducted within fifteen days of the date of this order.

The trial court's findings and recommendations on the issues set forth above shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of (1) the appellant's brief or (2) the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date:   October 12, 2016

3